UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20349-RAR

**UNITED STATES OF AMERICA**

vs.

**STANLEY MICHEL,**

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court upon Defendant Stanley Michel's *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 60]. On March 6, 2024, Defendant was sentenced to 36 months' imprisonment and five years of Supervised Release, after pleading guilty to one count of Bank Fraud in violation of 18 U.S.C. § 1344, one count of Wire Fraud in violation of 18 U.S.C. § 1343, and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). *See* Judgment, [ECF No. 57]. Defendant now requests a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the incapacitation of his spouse, given his purported status as the only available caregiver. Mot. at 4; *see also* U.S.S.G. § 1B1.13.

The Court having carefully reviewed the Motion; the Government's Response in Opposition ("Response"), [ECF No. 63]; Defendant's Proposed Release Plan, [ECF No. 61]; Defendant's Medical Records and Additional Information, [ECF No. 62]; the record; and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 60], is **DENIED** as set forth herein.

## **LEGAL STANDARD**

Generally, "[a] 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." *United States v. Handlon*, 97 F.4th 829, 831 (11th Cir. 2024) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Section 3582(c)(1)(A) of the United States Code—commonly referred to as the "compassionate release" provision—is one such statutory exception to the general rule. *See Handlon*, 97 F.4th at 831 (citing *Giron*, 15 F.4th at 1345). This statutory provision authorizes courts to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i).

In April 2023, the Sentencing Commission passed Amendment 814—effective November 1, 2023—which implemented a series of long-awaited updates to the § 1B1.13 Policy Statement, including (1) moving the list of circumstances that qualify as "extraordinary and compelling" from the Application Notes in § 1B1.13's Commentary to a standalone subsection placed within the main body of the § 1B1.13 Policy Statement; (2) expanding the list of "extraordinary and compelling reasons," which *inter alia*, (a) retitled the "Medical Circumstances" category and added various additional subcategories; (b) significantly expanded the "Family Circumstances" category by adding additional subcategories; (c) added a new "Victim of Abuse" category; (d) significantly expanded the "Other Reasons" category to preserve judicial discretion to decide compassionate release motions, whether BOP or defendant filed, provided that such other circumstances, "when considered by themselves or together with any of the reasons" listed in § 1B1.13 "are similar in gravity"; and (e) added an "Unusually Long Sentences" category.

*Compare* U.S.S.G. § 1B1.13 (Nov. 2023)[1] *with* U.S.S.G. § 1B1.13 (Nov. 2018); *see also United States v. Prada*, No. 22-13059, 2024 WL 1298461, at *6–7 (11th Cir. Mar. 27, 2024) (per curiam).

Thus, as modified, the new § 1B1.13 identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment under § 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13(b)(1)–(6) (Nov. 2023); *see also Prada*, 2024 WL 1298461, at *6–7. And before granting such motions, § 1B1.13 also requires courts to determine that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2) (Nov. 2023); *see also Handlon*, 97 F.4th at 832.

But even if one or some combination of the extraordinary and compelling reasons listed above is present, the Court must still determine that a sentence reduction remains consistent with "the factors set forth in [§] 3553(a) to the extent that they are applicable" before a sentence reduction is proper. *See Handlon*, 97 F.4th at 832; *see also* 18 U.S.C. § 3582(c)(1)(A). Thus, under § 3582(c)(1)(A)(i), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in § 1B1.13. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also Handlon*, 97 F.4th at 832. If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *See Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order.").

---

[1] U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28, 254 (effective Nov. 1, 2023).

Finally, for defendant-filed motions brought under § 3582(c)(1)(A), the defendant must first meet the statute's administrative exhaustion requirement. *Handlon*, 97 F.4th at 831; *see also* 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

Defendant's Motion seeks compassionate release under § 3582(c)(1)(A). As a threshold matter, it is undisputed that Defendant has exhausted his administrative remedies in compliance with § 3582(c)(1)(A). Resp. at 6 ("Because Defendant has exhausted his administrative remedies, his motion is ripe for adjudication."). The Court accordingly proceeds to consider Defendant's Motion on the merits. And as explained below, the Court concludes that Defendant has not demonstrated "extraordinary and compelling" circumstances under § 1B1.13(b).

### I. Defendant Has Not Demonstrated Extraordinary and Compelling Reasons

Defendant primarily argues that his circumstances qualify as "extraordinary and compelling" under § 1B1.13(b)(3)'s "Family Circumstances of the Defendant" category because he is now the only caregiver available to care for his wife, who has multiple sclerosis. *See generally* [ECF No. 62] at 50–59; *see also id.* at 53 (also explaining he was her caretaker prior to his imprisonment).

As explained above, via Amendment 814, the Sentencing Commission significantly expanded the range of family circumstances constituting extraordinary and compelling reasons for purposes of evaluating motions like Defendant's filed under § 3582(c)(1)(A). *Compare* U.S.S.G. § 1B1.13(b)(3) (Nov. 2023) *with* U.S.S.G. § 1B1.13 cmt. n.1(C) (Nov. 2018). Defendant here requests a sentence reduction based on the subsection that provides that extraordinary and compelling reasons exist when the defendant would be the only caregiver for an incapacitated spouse or registered partner. U.S.S.G. § 1B1.13(b)(3)(B).

Here, Defendant has not demonstrated extraordinary and compelling circumstances under § 1B1.13(b)(3)(B). He maintains that his wife is incapacitated due to her multiple sclerosis, which causes her to be "always in pain" and requires intermittent hospitalizations, and a "tumor in her brain." [ECF No. 62] at 51, 55. He states that she "has been paralyzed, had a stroke, and [is] blind due to this condition, and she has dropfoot and she has to wear a leg brace." *Id.* Defendant also explains that his wife must be carried at times because she "loses feelings in her legs." *Id.* Defendant submitted medical records confirming his wife's diagnosis of multiple sclerosis. *See id.* at 6–17.

Defendant also maintains that he the only available caregiver for his wife because all other family members are unable to care for her because they are currently taking care of other ailing family members. *Id.* at 54. Specifically, Defendant states that his wife's brother "can't care for [Defendant's wife] because he has to deal with his wife who has Stage 4 cancer and they have kids," and that his wife's sister, who also has children, "can't care for her because she is caring for their mom who has dementia, [is] blind in the peripherals, and can barely walk." *Id.* He also states that all other family members are in New York and don't have the space or finances to do so. *Id.*

In response, the Government contends first, that Defendant's wife is not incapacitated, such that Defendant satisfies the requirements of § 1B1.13(b)(3) and second, that there are other caregivers available. *See* Resp. at 7 ("None of the evidence submitted by Defendant establishes that his spouse's medical condition rises to the level of incapacitation."); *see also* Resp. at 8 ("[T]he numerous letters Defendant submitted in support of his compassionate release motion establish there are multiple alternative caregivers.").

To qualify for a sentence reduction, Defendant must show that his wife is incapacitated. "To carry this burden, defendants should provide evidence to the court by way of 'adequate

information and documentation . . . including, but not limited to, a statement and verifiable medical documentation regarding the individual's incapacitation . . .'" *United States v. Donald*, No. 21-CR-41-CFC, 2024 WL 4581209, at *4 (D. Del. Oct. 24, 2024) (quoting *United States v. Walker*, 2024 WL 580152, at *3 n.2 (D.N.J. Feb. 13, 2024) (internal citation and alteration omitted)). Defendant has provided medical records and other documentation proving his wife has a diagnosis of multiple sclerosis, but he has not shown that she is otherwise incapacitated. *Cf. United States v. Aman*, No. 20-80062, 2024 WL 3425717 (S.D. Fla. July 16, 2024) (granting compassionate release motion where defendant's family member was indisputably incapacitated).

While "[t]he Sentencing Guidelines do not define incapacitation, [] other courts have looked for guidance to Bureau of Prison guidelines for handling inmate compassionate release requests." *Id.* And "[t]hose guidelines define incapacitation in similar contexts as 'a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [person] . . . is completely disabled, meaning that the [person] . . . cannot carry on any self-care and is totally confined to a bed or chair.'" *Id.* (citing BOP Program Statement § 5050.50); *see also United States v. Bautista*, No. 3:15-CR-02720-DMS, 2024 WL 3014637, at *3 (S.D. Cal. June 14, 2024) ("Generally, a person is incapacitated when he is 'completely disabled' and cannot care for himself."). Equally, "[d]ifficulties with self-care, [] do not amount to inability or incapacity." *Donald*, 2024 WL 4581209, at *5.

Here, Defendant has not alleged—nor proven—that his wife is "totally confined to a bed or chair," or that she is otherwise "completely disabled." BOP Program Statement § 5050.50; *see also United States v. Taveras*, 731 F. Supp. 3d 94, 100 (D. Mass. 2024) (denying a compassionate release motion where Defendant's family member's medical conditions were "serious, and in some ways, debilitating"). Defendant has asserted that his wife suffers from intermittent difficulties

with self-care and taking care of the house, but those difficulties are not enough to prove she is incapacitated. In other words, Defendant has averred his wife suffers from a variety of symptoms, but has not shown that his wife is unable to care for herself at all. *See United States v. Rydell*, No. 1:09-CR-5-HSO-JMR-6, 2024 WL 1526088, at *4 (S.D. Miss. Apr. 8, 2024), aff'd, No. 24-60196, 2024 WL 4867070 (5th Cir. Nov. 22, 2024) ("While she has significant health issues, the record does not show that she cannot care for herself at all . . . ."). While the Court is sympathetic to the medical difficulties Defendant's wife faces, those difficulties do not rise to the level of incapacitation required by § 1B1.13(b)(3).

Additionally, Defendant's assertion that he is the only one available to take care of his wife does not satisfy the requirements of § 1B1.13(b)(3). In the materials Defendant provides, there are numerous letters from family and friends that indicate a support network for Defendant and his wife. *See* [ECF No. 62] at 18–41. That these family members and friends must juggle the responsibilities of their lives along with taking care of Defendant's wife is not sufficient. "To the contrary, loved ones are often adversely impacted by a family member's incarceration, and must make necessary and inconvenient life adjustments during that individual's incarceration. These often-unavoidable consequences, however, do not create extraordinary circumstances that would satisfy the requirements of" § 1B1.13(b)(3). *United States v. Gonzalez*, No. 17-CR-60223, 2021 WL 4066897, at *5 (S.D. Fla. Sept. 7, 2021). Moreover, this support network of family and friends has presumably been assisting Defendant's wife since his incarceration and "there is no indication that this arrangement is inadequate." *Id.* at *4. Defendant's wife having a network of people with only a limited ability to assist her with care is not the same as Defendant's wife having no caregiver at all. *See Bautista*, 2024 WL 3014637, at *3. So, while it may be difficult for family and friends

to assist Defendant's wife with care, particularly given that other family members have their own health concerns, Defendant has not shown that he is the only caregiver available.

Accordingly, after reviewing Defendant's Motion, along with his supplemental filings, the Court finds that Defendant has not established extraordinary and compelling circumstances under § 1B1.13(b)(3) sufficient to warrant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.   The Court Need Not Analyze the § 3553(a) Factors Here

Because Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A).  Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).  If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements.  *Giron*, 15 F.4th at 1347–48.  Accordingly, the Court need not address the § 3553(a) factors here.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 60], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of March, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**